38 So.3d 230 (2010)
Chuy Francisco SOLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-748.
District Court of Appeal of Florida, Second District.
June 23, 2010.
*231 Chuy Francisco Solis, pro se.
SILBERMAN, Judge.
Chuy Francisco Solis appeals the denial of his "motion for jail time credit," treated as a motion under Florida Rule of Criminal Procedure 3.800(a). Because the records attached to the postconviction court's order do not refute Solis's claim, we reverse and remand for further proceedings.
Solis claims that he was in jail at all times from May 5, 2006, until September 1, 2006, as the result of the revocation of his pretrial bond. He asserts entitlement to 128 days' jail credit for this entire timeframe, although it appears the actual number of days involved is 120 days. The postconviction court denied Solis's motion, finding that he was arrested on April 17, 2006, and released on surety bond on April 19, 2006; that on September 1, 2006, Solis was sentenced to drug offender probation; that Solis was arrested in Hardee County on February 12, 2007, for a probation violation; and that when he was sentenced on February 15, 2007, he received a total of six days of jail credit. Further, the postconviction court found nothing in the record to indicate that Solis's bond had been revoked on May 5, 2006. Thus, this appeal involves a disagreement as to Solis's status between May 5, 2006, and September 1, 2006.
On April 14, 2010, this court directed the Polk County clerk of court to supplement the record on appeal with Solis's motion for pretrial release or reasonable bail, filed May 19, 2006, and the trial court's order denying the motion, filed June 2, 2006. The fact that Solis's counsel filed a motion for pretrial release after the date Solis claims his bond was revoked suggests that his bond was, in fact, revoked. See Green v. State, 979 So.2d 395, 396 (Fla. 2d DCA 2008) (noting that because documents indicated that the premiums for bonds were returned to the defendant, the record appeared to support the defendant's claim that he was not released from jail and was entitled to additional jail time credit). Moreover, the order denying the motion for pretrial release appears to indicate that Solis was returned to jail after the hearing. At a minimum, the documents attached to the postconviction court's order denying Solis's motion do not refute his sworn allegations, and the postconviction court may have overlooked record documents that address Solis's claim.
Accordingly, we reverse and remand for the postconviction court to reconsider Solis's motion.
LaROSE, J., Concurs.
ALTENBERND, J., Concurs with opinion.
In fairness to the trial court, this motion is very confusing. Mr. Solis filed it only in trial court case no. CF06-002841. The only felony involved in that case was driving on a suspended license as a habitual traffic offender. That sentence and a concurrent sentence in case no. CF05-004609 would appear to be fully served by this time.
Mr. Solis's public records with the Department of Corrections indicate that he is serving a separate five-year term of imprisonment in a case from Indian River County and that he was sentenced in that case on the same date that he was sentenced in Polk County, resulting in the *232 release of a detainer in Indian River County. That offense occurred in October 2004. Assuming these records are accurate, it may be that he was arrested as he claims on May 5, 2006, but that the jail time only accrued in the Indian River case. It is possible he is entitled to jail credit in that case even if he is not entitled to jail credit in this case. I note that he apparently had a direct appeal of that case in the Fourth District, but we have no information about that appellate proceeding. See Solis v. State, 990 So.2d 1083 (Fla. 4th DCA 2008) (table decision).
I concur in our decision to send this back for another review in the trial court and would encourage that court to examine all of its files from the relevant sentencing hearings, but I am not optimistic that those records will show an entitlement to jail credit as a matter of law in this proceeding.